**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**ARTHUR ROE,**

        **Plaintiff,**

**v.**
                                            **CIVIL ACTION NO.: 1:20-cv-140
(JUDGE KLEEH)**

**CAREN JENKINS,**

        **Defendant.**

**REPORT AND RECOMMENDATION
THAT PLAINTIFF'S CLAIMS BE DISMISSED**

**I.        INTRODUCTION**

This matter comes before the undersigned pursuant to a Referral Order entered by Honorable United States District Judge Thomas S. Kleeh on July 17, 2020 [ECF No. 6]. This matter currently is before the Court on Plaintiff's Petition for Writ of Habeaus Corpus and Complaint for Injunctive and Declaratory Relief and Damages [ECF No. 1], Plaintiff's Motion and Memorandum to Proceed Under Pseudonym and Motion to Seal Reference List and Exhibits [ECF No. 2], Plaintiffs Motion For Temporary Restraining Order, Preliminary Injunction, and Writ Of Habeas Corpus [ECF No. 3], Plaintiff's Motion to File Electronically [ECF No. 5], and Plaintiff's Emergency Motion for Ex-Parte Hearing on Temporary Restraining Order and Writ of Habeaus Corpus [ECF No. 12].

For the reasons stated herein, the undersigned **FINDS** that this Court does not have jurisdiction in this matter. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Petition for Writ of Habeaus Corpus and Complaint for Injunctive and Declaratory Relief and Damages [ECF No. 1] be **DENIED**. The undersigned further **RECOMMENDS** that Plaintiff's Motion For Temporary Restraining Order, Preliminary Injunction, and Writ Of Habeas Corpus [ECF No. 3]

and Plaintiff's Emergency Motion for Ex-Parte Hearing on Temporary Restraining Order and Writ of Habeaus Corpus [ECF No. 12] be **DENIED AS MOOT**. The undersigned further recommends that Plaintiff's Motion to File Electronically [ECF No. 5] be **DENIED** as moot. Also, the undersigned **RECOMMENDS** that Plaintiff's Motion and Memorandum to Proceed Under Pseudonym and Motion to Seal Reference List and Exhibits [ECF No. 2] be **GRANTED in part** as set forth below.

## II.    BACKGROUND

Plaintiff alleges that he is the biological father of twin children to whom Defendant gave birth under a contract for gestational surrogacy [Petition, ECF No. 1 at 1]. Plaintiff alleges that these children were conceived by in vitro fertilization through which Plaintiff is the biological father and the biological mother is an anonymous donor. Id. Plaintiff alleges that these measures were taken pursuant to a gestational surrogacy contract. Id. While it is not entirely clear in the Petition [ECF No. 1], it appears that Plaintiff alleges Defendant was a gestational surrogate for a third child who is older than the aforementioned twins, pursuant to a similar gestational surrogacy arrangement [Petition, ECF No. 1 at 2; Affidavit, ECF No. 2-12]. Plaintiff appears to be a resident of the State of Ohio. Plaintiff alleges Defendant is located in Gilmer County, West Virginia. [Affidavit, ECF No. 2-12].

Plaintiff alleges that Defendant is not entitled to custody the aforementioned twin children and has an obligation to cede custody of them to Plaintiff. Plaintiff alleges that Defendant is abusive and neglectful towards these children. [Petition, ECF No. 1 at 1]. While it is not entirely clear from the record, it appears that Plaintiff may be making similar allegations and requesting relief as to the third, oldest child.

More specifically, Plaintiff alleges that prior to the birth of the twin children and when the oldest child was age one, Plaintiff sought relief in West Virginia state Circuit Court to prevent Defendant from placing her name on the twin children's birth certificates and to remove her name from the oldest child's birth certificate. [Petition, ECF No. 1 at 2]. To this end, Plaintiff alleges that Defendant underwent a cesarean procedure without Plaintiff's knowledge, Plaintiff listed Defendant as the twin children's biological parent, and sought custody of the children, in contravention of the gestational surrogacy arrangement. Id. Further, Plaintiff represents that the matter pending in state Circuit Court was transferred to state Family Court. Id. Issues surrounding custody of the children were taken up in state family court and Plaintiff was awarded custody. Id. Plaintiff complains that Defendant is not a biological parent and thus should not have been awarded custody. Id. Plaintiff states that the West Virginia Supreme Court of Appeals affirmed the award of custody to Defendant. [Petition, ECF No. 1 at 3].[1]

The Plaintiff seeks an order from this Court in the form of (1) declaratory judgment that Defendant is not a legal parent entitled to custody of the children at issue, and that his due process and equal protection rights have been violated, (2) a preliminary and permanent injunction preventing Defendant from having custody and control of the children at issue, (3) a writ of habeas

---

[1] While Plaintiff does provide specific citation to an order of the West Virginia Supreme Court of Appeals, the undersigned is aware of an unpublished opinion of the State's high court which appears to pertain to this matter, S.U. v. C.J., No. 18-0566, 2019 WL 5692550 (W. Va. Nov. 4, 2019), attached as addendum hereto. In this opinion, which designates the parties as "Father" and "Mother," it is indicated that the issues between the parties as to child custody were resolved in the Family Court of Mason County, West Virginia in favor of Mother. The opinion, which found that the Family Court had jurisdiction to resolve the matters of child custody, affirms the order of the Family Court. It is further indicated therein that the Family Court determined Father's testimony and evidence to be not credible concerning the nature of the relationship between the parties, and that the purported Custody Agreement between the parties as to gestational surrogacy was not demonstrated to be enforceable. According to this opinion, the Family Court reached its conclusions after appointment of a guardian ad litem, and after hearing testimony from several witnesses familiar with those involved including medical professionals, educators, and other professionals, and finding that Father had been physically abusive toward Mother in the children's presence.

To the extent which these issues have been put to rest and there is not jurisdiction of this Court otherwise in the instant matter, the principle of *res judicata* operates to bar further action here.

corpus and/or temporary restraining order requiring Defendant to surrender the children at issue to Plaintiff with law enforcement assistance, (4) an order requiring Defendant to pay fees and costs associated stemming from this action and from Defendant's alleged wrongful custody of the children at issue, and (5) actual damages and compensatory damages including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and punitive damages, and (6) other relief as appropriate.

Plaintiff seeks leave to proceed *ex parte* on an emergency basis [ECF No. 4 at 17; ECF No. 12]. It appears that Defendant has not been served with a summons in this matter.

## III.    ANALYSIS

As a threshold matter, the Court must discern whether it has jurisdiction to consider issues concerning child custody, which is typically resolved by state courts. The Court also addresses other principles which Plaintiff cites in support of his requests here. In his Petition [ECF No. 1], Plaintiff asserts that federal question jurisdiction applies here because he raises claims under 42 U.S.C. § 1983. Plaintiff also asserts jurisdiction is proper under 42 U.S.C. 1391 because he alleges Defendant is holding the children at issue in Gilmer County, West Virginia, within the Northern District of West Virginia.

## A.    JURISDICTION

The question of a federal court's jurisdiction in matters of child custody is not a labored or exhaustive inquiry. It is exceptional to find that a federal court has jurisdiction in such matters, and so the inquiry ceases there. More specifically:

> Reason and precedent both dictate that in this, a purely custodial case between private parties, that the federal courts not intervene. The policy that the federal courts not entertain the case is so strong that any exercise of jurisdiction by the district court would amount to an exercise of power it does not possess. Prohibition lies for the improper exercise of jurisdiction which may otherwise exist.

Doe v. Doe, 660 F.2d 101, 106 (4th Cir. 1981).  See also Wasserman v. Wasserman, 671 F.2d 832,

835. Here, Plaintiff seeks principally to strip custody of the children at issue immediately from

Defendant, and allocate custody, care and control of these children to himself. Plaintiff seeks such

result after having unsuccessfully sought the same in multiple state courts. But in so doing, he cites

no binding authority for this Court to substitute its judgment for or assert its jurisdiction in the

stead of state courts. There is no further inquiry to be made.

### B.      OTHER PRINCIPLES

Plaintiff raises a number of broad principles, platitudinal in nature, to support his

contention that this Court should intervene to award him custody of the minor children at issue.

For instance, Plaintiff cites general due process concerns which protect a parent's interest in child

rearing, and references various caselaw for a general proposition of the importance of the parent-

child relationship. However, Plaintiff does not provide authority for how this Court must assert

itself in specific questions of allocation of child custody given the facts alleged here, nor does

Plaintiff provide authority for why the Court should upend a custodial determination established

by state courts as to the nature and extent of custody already adjudicated in Defendant's favor.

Even construing Plaintiff's pleadings liberally, the undersigned cannot divine conclusions from

the authority cited by Plaintiff to recommend relief in Plaintiff's favor in this context.

At root, the supposed authority which Plaintiff cites does not operate to confer subject

matter jurisdiction on this Court given the substance of the matter – child custody – raised herein.

Thus, when the Court is without subject matter jurisdiction, "the only function remaining to the

court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better

Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012-16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10

(4th Cir. 1999).

## IV.    RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiff's Petition for Writ of Habeaus Corpus and Complaint for Injunctive and Declaratory Relief and Damages [ECF No. 1] be **DENIED with prejudice**. The undersigned further **RECOMMENDS** that Plaintiff's Motion For Temporary Restraining Order, Preliminary Injunction, and Writ Of Habeas Corpus [ECF No. 3] and Plaintiff's Emergency Motion for Ex-Parte Hearing on Temporary Restraining Order and Writ of Habeaus Corpus [ECF No. 12] be **DENIED AS MOOT**. The undersigned further recommends that Plaintiff's Motion to File Electronically [ECF No. 5] be **DENIED** as moot. Also, the undersigned **RECOMMENDS** that Plaintiff's Motion and Memorandum to Proceed Under Pseudonym and Motion to Seal Reference List and Exhibits [ECF No. 2] be **GRANTED in part** insofar as it seeks to seal the Reference List and Exhibits filed by Plaintiff to the extent they identify the minor children at issue in this matter and docket entry [2] shall remain sealed.

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985);

<u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

      The Clerk of the Court is directed to send a copy of this Report and Recommendation to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on August 5, 2020.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE