```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ARTHUR ROE**

      **Plaintiff,**

**v.**                             **Civ. Action No. 1:20-CV-140**
                                         **(Judge Kleeh)**

**CAREN JENKINS,**

      **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 13] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 14]**

## I. <u>Introduction</u>

Pending before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") on <u>pro se</u> Plaintiff Arthur Roe's *Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief and Damages* ("Petition") filed on July 17, 2020. [ECF No. 1]. In the Motion, Plaintiff asks this Court to order (1) declaratory judgment that Defendant Caren Jenkins is not a legal parent entitled to custody of the children at issue and that Plaintiff's due process rights have been violated under 42 U.S.C. § 1983, (2) a preliminary and permanent injunction prohibiting Defendant from having custody of the children at issue, (3) a writ of habeas corpus or a temporary restraining order requiring Defendant to surrender the children, (4) Defendant to pay fees and costs associated with this action, (5) actual and compensatory

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 13] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 14]**

damages including but not limited to pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and punitive damages, and (6) other relief as justice requires. [ECF No. 1 at 9]. Plaintiff further argues that jurisdiction is proper under 42 U.S.C. § 1391 "because [Defendant] resides in Gilmer County and is unlawfully holding Petitioner's children in Gilmer County." [ECF No. 1 at ¶ 2].

Plaintiff filed a Motion to Proceed under Pseudonym and Motion to Seal Reference List and Exhibits [ECF No. 2], Motion for Temporary Restraining Order, Preliminary Injunction, and Writ of Habeas Corpus [ECF No. 3], Motion to File Electronically [ECF No. 5], and Emergency Motion for Ex-Parte Hearing on Temporary Restraining Order and Writ of Habeas Corpus [ECF No. 12]. After the Magistrate Judge filed the R&R, Plaintiff filed objections [ECF No. 14], Motion to Expedite Determination of Plaintiff's Objections [ECF No. 15], and Motion to Extend Time Limit for Service [ECF No. 16]. It appears that Defendant has never been served with a Summons or Complaint from this case, and has not filed any document or response to any motion. For the reasons discussed herein, the Court adopts the R&R.

Case 1:20-cv-00140-TSK-MJA   Document 18   Filed 03/17/21   Page 3 of 12 PageID #: 116

**Roe v. Jenkins**                                                                                    1:20-CV-140
**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 13] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 14]**

## II.   Legal Standard

### A. Report and Recommendation Standard of Review

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

Timely, specific objections are necessary to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985).  General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because

they do not direct the court's attention to any specific portions of the report. Howard v. Secretary of Health & Human Servs. 932 F.2d 505, 529 (6th Cir. 1991); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection."). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local

Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Plaintiff filed timely objections to the R&R. [ECF No. 14].

**B. Jurisdiction**

The remaining legal standard to be discussed is that of subject matter jurisdiction. As the Magistrate Judge stated, a question of federal court's jurisdiction of child custody matters is not an extensive inquiry. In fact, "[the Fourth Circuit] has consistently acknowledged and upheld this lack of federal court jurisdiction in the area of domestic relations. Doe v. Doe, 660 F.2d 101, 105 (4th Cir. 1981); see also Johnson v. Byrd, No. 1:16cv1052, 2016 WL 6839410, *1, *13 (M.D.N.C. 2016) (noting that

"[t]he case may not proceed in this court for a number of reasons. First, it involves matters of family law. Such issues have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. Under the domestic relations exception to federal jurisdiction, federal courts generally abstain from review of such cases") (internal citation omitted).

> Reason and precedent both dictate that in this, a purely custodial case between private parties, [] the federal courts not intervene. The policy that the federal courts not entertain the case is so strong that any exercise of jurisdiction by the district court would amount to an exercise of power it does not possess. Prohibition lies for the improper exercise of jurisdiction which may otherwise exist.
>
> Doe, 660 F.2d at 106.

Further, "federal habeas corpus is not an available remedy where the object of the suit is to determine child custody." Doe v. Doe, 660 F.2d 101, 104-05 (4th Cir. 1981). When the Court is without subject matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (internal citations omitted).

### III. Discussion

A court's determination of whether the Plaintiff or Defendant is entitled to child custody, care, and control is a custodial

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 13] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 14]**

matter between private parties, a matter in which "the federal courts [do] not intervene" despite Plaintiff's argument to the contrary. Doe v. Doe, 660 F.2d 101, 106 (4th Cir. 1981). Therefore, the undertaking of the determination by a federal court will be brief. Id. Plaintiff requests a variety of relief, all of which is brought under the guise of family law matters, which is explicitly within the jurisdiction of state courts.

A family court of West Virginia is the entity authorized to "establish, enforce or modify a child custody determination." W. Va. Code § 48-20-102(f). Indeed, Federal district courts have limited subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). They possess only the jurisdiction authorized by the United States Constitution and federal statute. Bowles v. Russell, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."). Federal district courts decide federal question cases-such as the instant case-which are "civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff lodges a number of allegations against Defendant, including, but not limited to, that the Defendant (1) is a "gestational surrogate who bears no genetic connection to

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 13] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 14]**

[Plaintiff's] children," (2) is abusive and neglectful of the children, (3) falsely listed herself on the birth certificates as a biological parent, (4) perjured herself in state court during proceedings regarding child custody matters of the children at issue, (5) after admitting she was not a biological parent, was awarded custody of the children pursuant to W. Va. Code § 16-5-10(e), and (6) was affirmed custody of the children by the Supreme Court of Appeals of West Virginia. [ECF No. 1].

### A. Objections

Plaintiff filed a ten (10) page document with no less than nineteen (19) purported objections. [ECF No. 14]. Within the document, Plaintiff objects for a myriad of reasons, and most objections merely repeat and clarify the allegations of his Complaint [ECF No. 1-1] as well as the arguments in his Motions [ECF Nos. 2, 3, 5, 12, 15, 16]. Due to Plaintiff's failure to object to the finding or recommendation with sufficient specificity on the Magistrate Judge's recommendation that this Court dismiss the claims because the Court lacks subject matter jurisdiction, only one (1) objection warrants a de novo review by this Court.

**1. Objection in Paragraph 8 [ECF No. 14 at ¶ 8]**

In the objection that warrants a de novo review, Plaintiff

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 13] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 14]**

objects to the Magistrate Court's finding that this Court lacks subject matter jurisdiction to hear Plaintiff's case. Specifically, Plaintiff states that the "Court has jurisdiction under 42 U.S.C. § 1983 because Plaintiff's rights are being deprived under color of WV Code § 16-5-10(e); under 28 U.S.C. § 1331 because the action arises under the Constitution; and, under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,001 and is between citizens of different states." [ECF No. 14 at ¶ 8].

42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1332 are not operative here. 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

28 U.S.C. §§ 1331 and 1332 provide jurisdiction to district courts when presented with a federal question or civil actions in which the matter exceeds the sum of $75,000.00 and is between citizens of different states. Here, Plaintiff brings neither a §

1983 Bivens action, nor a federal question or diversity suit under §§ 1331 and 1332. Despite Plaintiff's argument that this matter is a civil rights one, it is a child custody dispute that must be, and has been, resolved in state court.

It appears that Plaintiff's state action of the instant child custody matter warranted a memorandum decision by the Supreme Court of Appeals of West Virginia. In S.U. v. C.J., the Court found that the Family Court of Mason County had jurisdiction to resolve the underlying child custody matters and affirmed the decision in favor of the mother. S.U. v. C.J., No. 18-0566, 2019 WL 5692550 (W. Va. Nov. 4, 2019). The Court discussed testimony of the parties and indicated that the father's testimony of the events, relationship, and purported custody agreement as to surrogacy was not credible, and the agreement was not enforceable. Id. The Court also made findings of physical abuse on behalf of the father toward the mother and in the children's presence. Id. The parties having received a full review on the merits in the proper court, this Court has no jurisdiction to provide any decision or further analysis on the issues presented. Therefore, as stated by the Magistrate Judge, res judicata applies here, and bars any further action from this Court. Based upon the foregoing, this objection is overruled.

### 2. Remaining Objections

Plaintiff's remaining objections fail to warrant a de novo review. Plaintiff attempts to clarify this issue raised in the complaint and motions. The Court finds that Plaintiff's objections are conclusory, restate and clarify the allegations of the complaint and motions filed thereafter, and are not specific as to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the determination of a federal court's lack of subject matter jurisdiction of this child custody matter. Therefore, the remaining objections are likewise overruled.

### IV.   Conclusion

For the reasons discussed herein, the Report and Recommendation [ECF No. 13] is **ADOPTED** in its entirety. Plaintiff's objections [ECF No. 14] are **OVERRULED,** and *Plaintiff's Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief and Damages* [ECF No. 1] is **DENIED with prejudice**. The following motions are **DENIED AS MOOT:** *Plaintiff's Motion For Temporary Restraining Order, Preliminary Injunction, and Writ Of Habeas Corpus* [ECF No. 3], *Plaintiff's Emergency Motion for Ex-Parte Hearing on Temporary Restraining Order and Writ of Habeaus Corpus* [ECF No. 12], *Plaintiff's Motion to File*

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 13] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 14]**

*Electronically* [ECF No. 5], *Plaintiff's Motion to Expedite Determination of Plaintiff's Objections to Report and Recommendation, Temporary Restraining Order, and Writ of Habeas Corpus* [ECF No. 15], and *Plaintiff's Motion to Extend Time Limit for Service* [ECF No. 16]. *Plaintiff's Motion and Memorandum to Proceed Under Pseudonym and Motion to Seal Reference List and Exhibits* [ECF No. 2] is **GRANTED in part** insofar as it seeks to seal the Reference List and Exhibits filed by Plaintiff to the extent they identify the minor children at issue in this matter and docket entry [2] shall remain sealed. Therefore, Plaintiff's claims are **DISMISSED.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all pro se parties via certified mail, return receipt requested, and to counsel of record via email.

**DATED:** March 17, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE